UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

Aryeh Klugman, individually and on behalf of all others similarly situated,

            Plaintiff,

-against-

Receivables Performance Management, LLC,

           Defendant(s).

-------------------------------------------------------------------------x

C.A. No.: 7:22-cv-2835

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Aryeh Klugman ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Receivables Performance Management, LLC ("Defendant RPM" or "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based on Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws were inadequate Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant RPM is "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is a limited liability company registered to accept service of process

through its registered agent, c/o C T Corporation System at 28 Liberty Street, New York, New York 10005.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The class consists of:

   a. all individuals with an address in the State of New York, County of Rockland;

   b. to whom Defendant RPM sent a collection letter attempting to collect a debt;

   c. on behalf of Verizon Wireless;

   d. in which the Defendant lists fees in a specified amount and separately alleges that no fees or interest accrued post charge off;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e and/or 1692g *et seq.*

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interest which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached hereto as Exhibit A violation 15 U.S.C. § 1692e and/or 1692g *et seq.*

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff as no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without necessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates, and incorporates the allegations contained in the above numbered paragraphs with the same force and effect as if the same were set forth at length herein.

20. Sometime prior to April 7, 2021, Plaintiff allegedly incurred an obligation to Verizon Wireless.

21. The subject obligation arose out of consumer services. The subject debt was incurred by Plaintiff solely for personal, household, or family purposes, specifically personal telephone services from Verizon Wireless.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, Verizon Wireless contracted Defendant for the purpose of collecting the subject debt. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mails in their business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

*Violation – Collection Letter*

26. On or about April 4, 2021, Defendant RPM sent Plaintiff a collection letter regarding the alleged Verizon Wireless debt, associated with Defendant RPM reference number 7348. *See* "Letter" attached as Exhibit A.

27. In the upper right corner of the Letter, Defendant RPM provided the following table regarding the alleged debt:

| Account Information | |
|---|---|
| Date: | 04-07-21 |
| Reference Number: | ****7348 |
| Creditor: | Verizon Wireless |

| Creditor Account: | ***********0001 |
|---|---|
| Original Creditor: | Verizon Wireless |
| Amount: | $86.56 |
| Verizon Collection Fee: | $8.65 |
| Total Due: | $95.21 |
| Total Amount Due as of Charge-off: | $86.56 |
| Interest: | N/A |
| Fees Accrued: | $0.00 |
| Payments Made: | $0.00 |

28. The total amount listed is incorrect, confusing, misleading, and/or deceptive.

29. Specifically, Defendant RPM listed the "Amount" and the "Total Amount Due as of Charge-off" as $86.56, while contradictorily listing a "Verizon Collection Fee" in the amount of $8.65 while separately indicating that a total of $0.00 was added to the total for "Fees Accrued."

30. Based on the way Defendant presented the debt information to Plaintiff, Plaintiff was confused as to the total alleged to be due, as well as the total amount of fees that contributed to the same.

31. When a collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

    (1) <u>the amount of the debt</u>;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt

>   collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

17 U.S.C. § 1692g(a)(emphasis added).

32. These required disclosures set forth in § 1692g(a) are more commonly known as the "G Notice."

33. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusion or contradictory fashion so as to cloud the required message with uncertainty. *Russell v. EQUIFAX A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)("It is not enough for a debt collection agency to simply include the proper debt validation notice in the mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that overshadows or contradicts' other language informing the consumer of his rights … violates the Act." *Id.* at 34.

34. Miscategorizing the balance, as well as the individual components of the balance, creates confusion as to the amount that is truly owed for the use of goods and/or services from Verizon.

35. Debt collectors are not permitted to misrepresent the nature of the debts they seek to collect.

36. When a consumer receives a dunning letter that fails to provide him or his with a true account of the character of the debt, it undermines a consumer's ability to prioritize payment of one debt amongst other outstanding debts.

37. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

38. As it relates to this case, in the FDCPA, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

39. Now consumers have a right to receive proper notice of the amount of the debt due and nature of their debts. When a debt collector misrepresents the breakdown of a consumer's debt into principal, interest, and fees, in violation of statutory law, the debt collector has harmed the consumer.

40. Defendant's debt collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action in connection with the collection of any consumer debt.

41. Defendant's Letter violated the FDCPA including, by not limited to 15 U.S.C. § 1692g(a)(1) as it fails to clearly identify the amount of the debt owed by Plaintiff.

42. The Letter contains a discrepancy between the amount due as of charge-off and the total due. While Defendant did identify an $8.65 fee that was added to the initial debt, it separately indicated that no additional fees were added to that initial $86.56 alleged to be due at charge off.

43. Therefore, the Letter does not properly explain the discrepancy and the Letter is therefore confusing and deceptive to the consumer who cannot discern the true amount of his balance, whether it is the "Amount," the "Total Due," or the "Total Due as of Charge-off" and whether any additional fees are being sought on top of the principal amount alleged.

44. It is deceptive and misleading to state a confusing balance to the consumer who has no way of knowing the accurate amount due.

45. Upon receipt of this notice, Plaintiff was confused as to whether he owed the "Amount," the "Total Due," or the "Total Amount Due as of Charge-off" as the Letter fails to properly explain which amount would be the correct amount.

46. Plaintiff incurred an informational injury as he could not ascertain from the deceptive and misleading Letter the amount that he presently owed on the debt.

47. Furthermore, Defendant's Letter is a false representation of the amount of the debt.

48. Defendant's violations were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

49. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

50. Plaintiff repeats, reiterates, and incorporates the allegations contained in the above numbered paragraphs with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendant violated § 1692e by:

    a. By falsely representing the true character and/or legal status of the debt in violation of § 1692e(2)(A); and

    b. By making a false and misleading representation/omission in violation of § 1692e(10).

54. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692g *et seq.***

55. Plaintiff repeats, reiterates, and incorporates the allegations contained in the above numbered paragraphs with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

57. Pursuant to 15 U.S.C. § 1692g, a debt collector :

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
>     (1) The amount of the debt;
>
>     (2) The name of the creditor to whom the debt is owed;
>
>     (3) A statement that unless the consumer, within thirty days after receipt of the notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
>     (4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is

   disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

  (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor if difference from the current creditor.

58. Defendant violated 15 U.S.C. § 1692g by failing to clearly communicate the amount of the debt alleged owed by Plaintiff.

59. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, costs, and attorneys' fees.

## Demand for Trial By Jury

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant RPM as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative, and Christofer Merritt, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  April 6, 2022                                              **STEIN SAKS, PLLC**

By: */s/ Christofer Merritt*
Christofer Merritt, Esq.
cmerritt@steinsakslegal.com
One University Plaza, Suite 620
Hackensack, NJ 07601
Tel: (201) 282-6500
Fax: (201) 282-6501
ATTORNEYS FOR PLAINTIFF